

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-30-2006

# Asaf v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4847

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Asaf v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1032.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1032

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4847
_____

MUHAMMAD ASAF,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

ON PETITION FOR REVIEW
OF AN ORDER OF THE BOARD OF
IMMIGRATION APPEALS
(Agency No. A95-961-676)
Immigration Judge: Daniel Meisner

_____

Submitted Under Third Circuit LAR 34.1(a)
MAY 18, 2006
Before:   SLOVITER, SMITH AND VANANTWERPEN,  Circuit Judges.

(Filed : May 30, 2006)

_____

OPINION
_____

PER CURIAM

Muhammad Asaf petitions for review of the Board of Immigration Appeals' (BIA)

order dismissing his appeal from the Immigration Judge's (IJ) decision denying his

motion to reopen. Asaf, a native of Pakistan, entered the United States in November 2000 as a non-immigrant visitor. In 2002, Asaf was charged as removable for overstaying his admission period. Asaf conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). On August 25, 2004, the IJ denied asylum, and Asaf withdrew his applications for withholding and relief under CAT because he intended to adjust his status based on his planned marriage to a citizen. The IJ granted Asaf voluntary departure. Asaf married a citizen on September 2, 2004, and on November 8th, he filed a counseled motion to reopen. The IJ denied the motion to reopen. Asaf appealed to the BIA and submitted additional evidence. The BIA dismissed the appeal. Asaf, proceeding pro se, filed a timely petition for review.

We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion with "broad deference" to the decision. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). Under this standard, we will reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). The BIA agreed with the IJ that Asaf failed to provide clear and convincing evidence that his marriage was bona fide. It also concluded that Asaf was ineligible for relief because he failed to depart after being granted voluntary departure.[1] See 8 U.S.C. § 1229c(d). Because Asaf failed to depart and is ineligible for

_____

[1] Asaf argues that he did not ask for voluntary departure. However, in his brief to the BIA, Asaf stated that he "opted for voluntary departure only on the suggestion by the Immigration Judge that he could file an application for reopening the proceedings within 90 days after the solemnization of the marriage." C.A.R. at 12. Thus, regardless of his

relief, the BIA did not abuse its discretion in affirming the IJ's denial of his motion to reopen.

For the above reasons, we will deny the petition for review.

---

reasons for doing so, Asaf did request voluntary departure.